### HOUSTON v. MINER.

The plaintiff having contracted with the defendant to deliver to him, on a certain day, forty hogs weighing on an average 180*lbs.* at a certain price per cwt.,—tendered to the defendant, on the day, forty hogs weighing on an average 195*lbs.*, which the defendant refused to receive. *Held,* that the defendant was liable to the plaintiff for a breach of the contract.

ERROR to the *Fayette* Circuit Court.

SULLIVAN, J.—This was an action of assumpsit brought by *Miner* against *Houston* on a written contract, by which *Miner* undertook to deliver to *Houston* on the first day of *December,* 1837, forty hogs to weigh on an average 180 pounds neat per head ; in consideration whereof, *Houston* promised to pay to *Miner* five dollars per hundred on the delivery of the hogs.

In the first count of his declaration, the plaintiff avers that he was on the day, and at the place, specified for the delivery of the hogs, ready and willing and then and there offered to deliver to *Houston* the said forty head of hogs, weighing on an average as much as 180 pounds per head, and then and there requested him to accept and pay for the same, but *Houston,* not regarding, &c. refused to receive them.

In the second count he states that he was, on, &c. at, &c. ready and willing, and then and there undertook and offered, to deliver to the defendant the said forty head of hogs according to the agreement, and requested the defendant to receive the same, but the defendant refused, &c.

The defendant pleaded four pleas ; the first two to the whole declaration, the third to the first count, and the fourth

VOL. V.—12

to the second count ; to each of which the plaintiff replied. The defendant demurred to the replications to the third and fourth pleas.

The Court decided the third plea and the replication to the fourth plea to be insufficient. The issues on the first count were tried by a jury, and a verdict was returned for the plaintiff, on which the Court pronounced judgment.

The plaintiff in this Court contends, that the first count in the declaration is insufficient, because the averment of an offer to deliver forty hogs, weighing on an average *as much as* 180 pounds, is substantially variant from the contract to deliver forty hogs weighing on an average 180 pounds ; and that the judgment of the Circuit Court on the demurrer to the replication to the third plea ought, for that reason, to have been for the defendant.

We think the count good on general demurrer. The contract is set forth with sufficient certainty. The words " as much as" were unnecessary and might have been rejected as surplusage.

The point intended to be raised by the pleadings is brought more distinctly before us by a bill of exceptions. On the trial of the cause, it was proved that on the first of *December*, 1837, the plaintiff weighed, set apart, and offered to deliver to defendant forty head of hogs, which weighed on an average 195 pounds ; and that the defendant refused to receive them, because the average weight was more than 180 pounds. The defendant then asked the Court to instruct the jury, " that if the contract between the plaintiff and defendant was, that the plaintiff was to deliver to defendant forty head of hogs which should weigh on an average 180 pounds each, and, on the day, the plaintiff tendered to the defendant forty head of hogs weighing on an average 195 pounds each, the defendant was not bound to receive them under such contract." The Court refused to give the instruction, and that refusal is assigned for error.

A contract is to be construed according to its sense and meaning, and according to the real intention of the parties, to be collected, in most cases, from the terms of the contract itself. It should receive a reasonable and favourable construction, so that a performance may be enforced according to the sense in which the parties mutually understood it at

the time it was made. Chitt. on Cont. 19, 20.—2 Bl. Comm. 379.

If we construe the contract before us to mean, that the hogs must weigh on an average precisely 180 pounds, we make it very difficult if not impossible for the plaintiff to comply with it. It is clear that it was the intention of the parties, that the hogs should not average less than 180 pounds each, for the reason, perhaps, that hogs of less weight would not be worth the price agreed to be paid for them. On the other hand, if they should weigh more than 180 pounds, the article would be more valuable, and the contract more advantageous to the purchaser. This we suppose was well known to the parties, and understood by' them, when they contracted.

The plaintiff in this case could not comply with his contract by the delivery of a less number than forty head of hogs. It would be unreasonable to suppose that it was the understanding of the parties, at the making of the contract, that the plaintiff should be prepared to deliver that number of hogs averaging 180 pounds and no more. Such a construction of the contract would not, in our judgment, effectuate the intention of the parties, nor would it further the ends of justice.

The Circuit Court committed no error in refusing the instruction asked, and the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*C. B. Smith*, for the plaintiff.
*J. Perry*, for the defendant.