## BATES and Another *v.* DEHAVEN and Another.

Complaint in two paragraphs, 1. Upon a special contract; and 2. For work
and labor and materials furnished. Motion to strike out the second para-
graph, and also to compel the plaintiff to elect upon which he would rely,
overruled. There was nothing in the record showing the two paragraphs to
be for one and the same cause of action. *Held*, that there was no error.

Parol evidence of the circumstances surrounding a contract in writing, as well
as of the mutual acts of the parties in its fulfillment, is admissible to explain
the meaning of the parties in the use of language otherwise obscure.

And where the contract was abandoned by mutual consent, and each party did
a portion of the work concerning which the contract was made, without re-
gard to its provisions, parol evidence is admissible to show the value of the
work done by the parties respectively.

APPEAL from the *Fayette* Court of Common Pleas.   *Tuesday,*
HANNA, J.—The appellees sued the appellants. The   *June 1.*
complaint contained two paragraphs—1. On a special con-
tract; 2. For work and labor and materials furnished.

The defendants, in the Court below, filed what they
called a written motion to strike out the second paragraph
of the complaint, and also to compel the plaintiffs to elect

upon which paragraph they would rely. This motion was overruled; which ruling is now assigned as the first error.

The ruling of the Court was correct. There is nothing in the record to show that the two paragraphs are for one and the same cause of action. Nor would we be understood as intimating that there might not be cases in which similar paragraphs to these might be based upon one cause of action. That question is not before us.

The defendants answered in two paragraphs—1. A general denial; 2. By way of set-off, that plaintiffs were indebted to defendants for work, &c., in quarrying and loading stone; to which was filed a general denial.

Trial by the Court, finding for the plaintiffs, and judgment on the finding, over a motion for a new trial.

The second error assigned is, that improper evidence was admitted.

The special contract given in evidence, was an article of agreement by which the plaintiffs agreed to "furnish stone for the railroad bridge across *Little Williams Creek*, at the following prices: Per perch at *Vance's* quarry, 60 cents; per perch from *George Booe's* quarry, 70 cents." The agreement was dated *June* 14th 1854, and further provided that the stone was to have been delivered "by the first day of *December* next, to be paid for every estimate, with a deduction of ten per cent. until the whole contract is completed, at which [time] this ten per cent. kept back to be paid on the completion of the contract [is to be paid]. The bridge at *George Davis's* is included in this contract."

Upon this, the first paragraph of the complaint is founded. The second, is for stone sold and delivered, and for work and labor, &c.

The evidence admitted over the objection of the defendants was, first, that of *George Booe* and *George Davis* as to the value or price of hauling stone from the quarry to the bridge. *Booe* stated that stone was worth at *Vance's* quarry 60 cents to 70 cents per perch, and the hauling worth about 60 cents. *Davis* stated that the hauling of stone from *Vance's* quarry to the bridge at his house, was worth 90 cents per perch.

It is insisted upon the one part, that the written agreement imposed upon the plaintiffs the duty of taking all necessary steps to insure the furnishing the stone; such as quarrying, hauling, and delivering the same at the places where the bridges were to be built. The other party construes the contract to mean only that they should haul the rock, and not that they should quarry the same; and insist that the testimony as to the value of hauling was therefore properly received for the purpose of explaining what was intended to be meant by the word "furnished," as used in the contract. The same arguments are used in reference to the evidence of *Beaird*, which was admitted over the objection of defendant, in regard to the question of loading the stone, and is as follows: "I drew the article, and after it was read, and before it was signed, it was objected to by plaintiffs, that nothing was said about loading, and defendants said that it did not matter, as they were to furnish hands to help to load."

The defendants had proved that they had quarried and loaded the stone, which was worth 75 cents a perch.

A late writer upon evidence, uses the following language in treating this question: "The writing, it is true, may be read by the light of surrounding circumstances, in order the more perfectly to understand the intent and meaning of the parties; but, as they have constituted the writing to be the only outward and visible expression of their meaning, no other words are to be added to it, nor substituted in its stead. The duty of the Court in such cases, is to ascertain, not what the parties may have secretly intended, as contradistinguished from what their words express, but what is the meaning of the words they have used." 1 Greenl. Ev. § 277. See, also, §§ 280, 282, 288, 295. The last section cited shows that the principle upon which the parol evidence is received is, "that the Court may be placed, in regard to the surrounding circumstances, as nearly as possible in the situation of the party whose written language is to be interpreted." See, also, 2 Pars. Cont. 74; 5 Blackf. 89; 4 Ind. R. 417; *Id.* 521; 9 *id.* 27. The language of the agreement in the case at bar is, that the plain-

May Term,
1858.

tiffs are to furnish stone *at Vance's* quarry and *from George Booe's* quarry at certain prices. The evidence shows, so far as it discloses anything upon the point, that the defendants caused the stone to be quarried and loaded; that it was procured at *Vance's* quarry; that the plaintiffs hauled it to the place where it was to be used; and the value of such hauling. It will be seen that a literal construction of the language used in the instrument, would bind the plaintiffs, as to the stone to be procured at *Vance's*, to furnish the same *at* the quarry, and not at the places where the bridges were to be built. From the evidence, it is manifest that the parties either totally disregarded the written contract as thus construed, or intended and understood it to mean something different from what this literal construction would imply. If the written agreement was abandoned by mutual consent, and each party proceeded to do a portion of the work, even if it was that part which would by the terms of the agreement have devolved upon the other party, the evidence was properly admitted to show the value of the work done by the plaintiffs. So evidence of the mutual acts of the parties, in reference to the fulfillment of the contract after it was entered into, was properly admitted to show what their intention and understanding was in the use of language otherwise somewhat obscure.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*J. A. Fay* and *N. Trusler*, for the appellants.

*B. F. Claypool*, for the appellees.