No. 11,245.

## VOGEL v. DEMOREST.

CONTRACT.—*Sale.*—*Rescission.*—*Fraud.*—To rescind a contract of sale of goods for fraud, the seller must be put *in statu quo* by a return of the goods.

SAME.—A written contract can not be varied by a prior or contemporaneous parol agreement.

FRAUD.—*Pleading.*—To successfully plead a fraudulent representation damage must be averred ; and such representation, to be available as a cause of action or defence, must relate to an existing or past fact.

From the Bartholomew Circuit Court.

*N. R. Keyes*, for appellant.

*J. C. Orr*, for appellee.

BLACK, C.—The appellee sued the appellant, the complaint containing two paragraphs. The first paragraph was on an account for goods and merchandise sold and delivered by the plaintiff to the defendant, a bill of particulars being filed.

The second paragraph set up a written contract executed by the plaintiff and the defendant, whereby the latter was appointed an agent of the former for the sale of Mme. Demorest's patterns in Columbus, Indiana, for one year, and the defendant accepted such agency, and agreed to keep, during its continuance, an assortment of said patterns, which the plaintiff agreed to furnish at a certain discount from the retail prices; and the defendant agreed that all patterns required or sold by him during the year should be purchased of the plaintiff only. It was expressed that the appointment to said agency was made in consideration of an order to the plaintiff for patterns of the net value of three hundred dollars, and the payment of fifteen per cent. of said amount at

the execution of the contract, and the balance cash, less five per cent. It was agreed that no terms or obligations not stipulated in the contract should be binding on either party.

It was alleged in said second paragraph that the plaintiff performed all the obligations of the contract on her part, and shipped to the defendant the goods so ordered by him, of the net value of three hundred dollars; that the defendant accepted said goods, and paid the plaintiff in cash fifteen per cent., or forty-five dollars, of said amount, but he had not paid the balance of said amount or any part thereof; that the plaintiff had been at all times ready and willing to perform her part of said contract, and to furnish said patterns, but the defendant failed and refused to comply with the contract on his part, and to keep up an assortment of said goods, and had purchased and sold, during said year, other and different patterns than those made by the plaintiff; all to her damage, etc.

The defendant answered in seven paragraphs. Demurrers to the second, third, fourth, sixth and seventh paragraphs were sustained, and the defendant having withdrawn the first and fifth paragraphs, and having refused to answer further, the court tried the cause, and found for the plaintiff, and rendered judgment accordingly.

The second paragraph of answer, directed to the second paragraph of the complaint, alleged that the goods mentioned in that paragraph of the complaint were sold by the plaintiff to the defendant, through the plaintiff's agent, who, to induce the defendant to accept said agency, falsely and fraudulently represented to the defendant that the plaintiff had no other agent at Columbus, and that the defendant should have the exclusive sale of said patterns; that, relying on said statements, and believing them to be true, and having no means by the reasonable exercise of diligence to ascertain the falsity thereof, and induced solely thereby, the defendant entered into said written contract; that after signing said contract, and when he undertook to put said goods upon the market, he ascertained that the plaintiff had another agent, named, at

Columbus, empowered to sell, and fully authorized by the plaintiff, and engaged in selling the patterns and goods of the plaintiff, of the same kind and quality as those that the plaintiff had authorized the defendant to sell in said market; that the plaintiff had authorized and constituted said other person as her agent prior to said appointment of the defendant; that the plaintiff sent to the defendant patterns and goods under said contract, but as soon as he ascertained the existence of another agency for said patterns at Columbus, he notified the plaintiff thereof, and offered and proposed to cancel said agency, and notified the plaintiff that, by reason of the existence of another agency at Columbus, he would not retain said agency, and would not hold or attempt to sell the patterns sent to him; and that he did not sell or attempt to sell them.

The third paragraph of answer, also addressed to the second paragraph of the complaint, sought to set up, by way of defence thereto, what was alleged to be a fraudulent representation, that the plaintiff, by her agent, represented to the defendant that she already had an agent, named, at Columbus, for the sale of said patterns, and, for the fraudulent purpose of inducing the defendant to assume said agency, fraudulently represented to the defendant that if he would assume said agency the plaintiff would cancel the other agency, and constitute the defendant the sole agent at Columbus for the sale of said patterns.

The fourth paragraph set up, by way of counter-claim, that the plaintiff's agent made to the defendant a representation the same as that averred in the third paragraph, and it was alleged that the defendant had been damaged in the sum of $500 by the failure of the plaintiff to cancel said other agency.

The sixth paragraph alleged that the defendant agreed with the plaintiff that the former would assume and accept said agency upon the terms of the contract set out· in the complaint, upon the consideration that the defendant should be the sole and exclusive agent for said goods at Columbus dur-

ing the time of his agency ; that said consideration had wholly failed, in that, during the time of the defendant's agency, the plaintiff created and appointed another person named, as the agent of the plaintiff at said place, with authority to sell, and who did sell, said patterns at said place, and thereby the defendant was deprived of the profits of an exclusive sale.

By the seventh paragraph substantially the same facts as those alleged in the sixth were pleaded as a partial failure of consideration.

All these answers were manifestly insufficient, and they may be briefly disposed of. The second paragraph does not show, or attempt to show, that the defendant was in any way injured, and to defend the action on the contract, on the ground of fraudulent representation, it was necessary to show damage to the defendant. If this paragraph was intended to show a rescission, it did not do so ; it failed to show that the defendant had placed, or offered to place, the plaintiff *in statu quo* by the return of the goods.

As to the averment in this paragraph, and all the others, that the plaintiff represented that if the defendant would enter into the contract, he should be the plaintiff's only agent at said place, it could not serve as an allegation of a fraudulent representation, it being the allegation of a promise, and not of a representation of an existing or past fact. And the allegation of such a promise or agreement in each of the paragraphs was an attempt to vary the terms of the written contract sued on by means of a prior or contemporaneous parol promise or agreement.

The judgment should be affirmed.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the appellant's costs.

Filed Oct. 9, 1884.