MICHAEL H. FLEMING *et ux. vs.* HANLEY, HOYE & COMPANY.

PROVIDENCE—JANUARY 11, 1899.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Fraud.   Void, and Voidable, Contracts.*

If fraud or misrepresentations in the making of a contract be proved, such contract is not thereby necessarily rendered void ; it is only voidable.

In such case it should be left to the jury to say whether plaintiff, by acquiescing in the sale after discovery of the fraud, had not elected to treat as his own the property received thereunder, and was, therefore, precluded from afterwards rescinding the contract.

(2) *Rescission.*

If the conduct of all the parties be such as to practically amount to a rescission of the contract by both sides, a party who has paid money on account of it may maintain an action to recover it back, less suitable deductions for damages that may have been sustained by the defendant.

(3) .*Recovery of Purchase Money.*

Where the rescission is by both parties, the ordinary rule that the party bringing the action must put the other in *statu quo* before suit does not apply.

(4) *Verdict.   New Trial.*

A case having proceeded entirely on the ground of fraud in connection with the sale, and the consequent right of the plaintiff to rescind the en-

tire contract and recover back the money paid on account thereof, it is to be presumed that the verdict was based upon the same ground.

If the court afterwards find there was not such fraud in the transaction, the verdict should be set aside and a new trial granted.

ASSUMPSIT for money paid on account of a contract which had been rescinded by plaintiffs on the ground of fraud alleged to have been committed by defendants in making the contract.    Heard on defendants' petition for a new trial.

(1)    TILLINGHAST, J.   The claim of the plaintiffs in this case, which is an action of assumpsit, is that, by reason of certain false and fraudulent representations, made by the defendants in connection with the sale by them of a liquor saloon to the plaintiffs, the latter are entitled to rescind the contract and recover back the sum of $900 paid on account of the purchase price of said saloon.   The jury found for the plaintiffs, assessing the damages at $650, and the case is now before us on the defendants' petition for a new trial.   The facts are substantially as follows :   On July 15, 1895, the plaintiffs purchased of defendants a liquor saloon in Pawtucket for the sum of $2,000.   The agreement, in so far as it is evidenced by writing, was this :

"$900.                          PROVIDENCE, July 15th, '95.

Received of Mrs. Bridget Fleming by M. H. Fleming, Nine Hundred Dollars on account, as part payment of ($2,000) for Saloon & Fixtures and License at 41 Pleasant St. Pawtucket, R. I.    Balance of $1,100 on Mortgage at 6 per cent. per annum, to be executed as soon as possible.    Default of the interest conditioned.

HANLEY, HOYE & CO."

The plaintiffs took immediate possession of the saloon and continued to occupy and manage the same for upwards of two months without making any complaint that the defendants had deceived them as to the amount of stock on hand at the time of the sale, or as to the weekly income of the saloon, although the plaintiffs now testify that defendants guaranteed them $300 income per week, or no sale; and that the

most they did receive, in fact, in any one week, was only about $50. The plaintiffs visited and examined the store before they purchased it, and immediately after the purchase they took an inventory of the stock on hand and found that it amounted to only $11.19, although they testify that defendants represented to them that the stock was worth $500.

Plaintiffs found no fault with the rent which they had to pay on a subsisting lease of the premises, although they now testify that it was $10 per month more than defendants told them it was when they purchased the saloon.

Two days after the sale the defendant Hoye presented to said Michael H. Fleming a mortgage on demand for $1,100, which he signed but immediately afterwards repudiated upon finding it was on demand and not in accordance with the agreement, as he said, he claiming that it was to be a long mortgage, that defendants had told him it could run for fifty years, or forever if he so desired, he paying the interest thereon, while the defendants testify that nothing was said as to the time for which the mortgage should run, but that it was their custom to take a demand mortgage. After some talk with the plaintiff about the mortgage it was changed in pencil so as to make it run for one year, whereupon the plaintiff William H. Fleming refused to have anything further to do with it, or to sign the note accompanying the same. After repeated efforts on the part of defendants to have Fleming execute the mortgage and note for a year, and his persistent refusal to do so, or even to execute any mortgage whatever, according to Hoye's testimony, who had this matter in charge, defendants gave him notice that if he did not execute the same they would put him out of the premises on a mortgage which they held from one Terrence Dolan, a prior owner. The plaintiffs thereupon removed all of their goods from the store and commenced this action. The evidence, taken as a whole, shows that the only objection which the plaintiffs ever made regarding the entire transaction, up to the time of the commencement of this action, was as to the terms of the mortgage and note for the balance of the purchase money of $1,100. Mrs. Flem-

ing says in her testimony : '' We were there two months and three days, and we wouldn't leave that place if we could have the interest run as he agreed to.'' Not only does the evidence offered by the plaintiffs fail to show that any complaint whatever was made by plaintiffs that they had been defrauded, or that any misrepresentations were made by defendants in connection with the sale—although plaintiffs had ample opportunity to make such complaints, the defendant Hoye frequently visiting the store subsequently to the sale for the purpose of getting said mortgage executed—but, in addition thereto, both of the defendants testify very positively that no such representations were ever made. Moreover, even assuming that the alleged misrepresentation were proved, the contract was not thereby necessarily rendered void but only voidable, and it should have been left to the jury to say whether the plaintiffs, by acquiescing in the sale after the discovery of the fraud, had not elected to treat the property as their own, and hence would be precluded from now rescinding it. See Beach Mod. Law of Con. § 812 *et. seq.; Campbell* v. *Fleming*, 1 Ad. & El. 40; Lawson on Con. § 248; *Vogel* v. *Demorest*, 97 Ind. 440; Am. & Eng. Ency. L. 805–6; 1 Benj. Sa. § 516, and cases in note 1. In so far, therefore, at any rate, as the verdict is based upon the fraud of the defendants, we think it is clearly wrong.

(2)      Eliminating the question of fraud, then, the case practically comes to this: Can the plaintiffs maintain their action on the ground that the conduct of the parties practically amounted to a rescission of the contract by both parties? We are inclined to think they can. The evidence shows that after the plaintiffs refused to execute the mortgage and note for $1,100, and removed their goods from the store, the defendants took immediate possession thereof and thereby regained the subject-matter of the contract less the use of the premises for about two months, and less the stock on hand at (3) the time of the sale. And in these circumstances we see no reason why the plaintiffs are not entitled to recover the money paid as aforesaid, less the amount which the jury, under proper instructions, may deduct therefrom on account of the

damages sustained by defendants. As there was in effect a rescission of the contract by both parties, the ordinary rule that the party bringing the action must put the other in *statu quo* before bringing suit does not apply.

(4) The plaintiffs' counsel suggests that, as the verdict was only for the sum of $650, it shows that the jury must have made an allowance for the use of the license and the saloon and for the value of the stock on hand. We do not think this is necessarily so. The case proceeded entirely on the ground of fraud in connection with the sale and the consequent right of plaintiffs to rescind the entire contract and recover back the money paid on account thereof. And this being so, it is certainly to be presumed that the verdict was based upon the same ground. At any rate, the court cannot say that the verdict was not based upon the alleged misrepresentations of the defendants, and hence we think there should be a new trial.

So far as the "use of the license" is concerned, of course the defendants are entitled to no damages unless it was legally transferred to the plaintiff, as otherwise it gave him no authority to sell thereunder. Gen. Laws R. I. cap. 102, § 10. The evidence before us fails to show whether the license was ever transferred.

Petition for new trial granted.

*Joseph Osfield, Jr., Charles H. Page, and Charles H. Page, Jr.,* for plaintiffs.

*John M. Brennan and Dennis J. Holland,* for defendant.