PINKERTON v. SUPERIOR MOTOR SALES COMPANY.

[No. 11,859. Filed April 9, 1924. Rehearing denied June 3, 1924. Transfer denied July 2, 1926.]

SALES.—*Buyer of used automobile on written contract held not entitled to have the sale set aside for misrepresentation by seller's agent.*—Where a written order for a used automobile stated that it contained all the terms of the contract of purchase and sale, that no guaranty or warranty of any kind had been made and that no other agreement pertaining to the sale of said automobile should be binding on either seller or purchaser, the purchaser could not set aside the sale on the ground that, prior to the signing of the order, the seller's agent had stated that the car was a 1921 model when, in fact, it was a 1919 model, in the absence of evidence that his signature to the order was procured by fraud.

From St. Joseph Superior Court; *J. Fred Bingham,* Judge.

Action by Ray Pinkerton against the Superior Motor

Sales Company.   From a judgment for defendant, the plaintiff appeals.   *Affirmed.*   By the first division.

*Isaac Kane Parks* and *Walter R. Arnold,* for appellant.

*Jones, Montgomery & Obenchain,* for appellee.

Enloe, J.—This was an action by appellant against the appellee, wherein he sought to have a certain contract set aside on the ground of alleged fraud, for the return of money paid under said contract, and for the cancellation of certain notes.   To the complaint, which was in one paragraph, an answer in general denial was filed, and the issue thus made was submitted to the court for trial.   At the conclusion of the evidence, on motion of counsel for appellee, the court found against appellant and rendered judgment accordingly.   A motion for a new trial was overruled and this action of the court is the only matter presented on this appeal.

The following facts appear from the testimony offered in behalf of appellant.   The appellee is a dealer in automobiles, selling both new and used cars.   In the spring and summer of 1922, it had in its employment one Erickson.   Sometime prior to July 4, of that year, the appellant wrote a letter to the appellee concerning the purchase of a car and "asked for a demonstration."   In response to this request, Erickson went to see the appellant at his home, going in a "Studebaker Big Six" touring car.   This car, he demonstrated to the appellant, and during the time of the exhibition and demonstration, he informed appellant that the car was "a 1921 model."   The deal was not closed on that day, but was finally consummated "about two weeks later," when, under date of July 10, 1920, the appellant and his brother, Carl Pinkerton, gave their written order for an automobile, the material part of which order, so far as this case is concerned, was as follows:

"Superior Motor Sales Co.
South Bend, Ind.

This will be your authority to enter my order and deliver to me according to the following description and price,—One Studebaker 7 pass. Touring Car, Car No. 298599, Motor No.............
\* \* \* \* \* \*

\* \* \* \* \* \*. It is further understood and agreed between the seller and purchaser herein mentioned as a part of the consideration hereby, that in the event that the above described automobile is a used or second-hand car the purchaser takes said automobile in the condition that it is delivered to him, and that no guarantee or warranty of any kind or nature covering said automobile has been made, and that this sale of said automobile does not cover any guarantee or warranty of any kind or nature on said automobile. It is further understood and agreed and is made a part of this agreement that no other agreement entered into pertaining to the sale of the above described automobile by the purchaser or any employee of this company shall be binding by either seller or purchaser unless specified in writing on this contract.
\* \* \*.

"Signed.   Ray Pinkerton.
"Carl Pinkerton.

"Accepted for Superior Motor
"Sales Co.   By, D. A. Boswell."

So far as the averments of the complaint are concerned, there is not even a suggestion that the execution of, or the procuring of appellant's signature to, said written order, which, upon acceptance by appellee, became the contract between the parties, was secured by any fraudulent practice, nor was any evidence offered tending to show such fact. The appellant's supposed cause of action is bottomed upon a statement made by said sales agent and demonstrator, about two weeks prior to the time of signing said order, that said car was a 1921 model, when, in truth and in fact, said car was a model of 1919. The question here presented was discussed in the case of *Sonneborn* v. *S. F. Bowser &*

*Co.* (1917), 64 Ind. App. 429, and, upon the authority of that case, we must hold that, under the facts of this case, said written contract, and it alone, can be looked to in determining the rights of the parties in this case.

Some questions are presented regarding the admission and the exclusion of certain evidence, but the matters of which complaint is made could have no controlling influence in this case and therefore need not be considered.

We find no error.    Judgment affirmed.