## THE TRIBUNE COMPANY *v.* RED BALL TRANSIT COMPANY ET AL.

[No. 12,233. Filed March 31, 1926. Rehearing denied May 21, 1926.]

1. CONTRACTS.—*Merger of previous oral agreements in written contract except when fraud is charged.*—As a general rule, all agreements and conversations previous to a written contract are merged therein, and parol evidence cannot be heard to vary its terms, but the rule is subject to the exception that where it is charged that the contract was procured by fraud, then such

conversations may be heard for the purpose of determining whether there was such fraud. p. 670.

2. FRAUD.—*Promises to do things in the future cannot constitute fraud.*—Promises to do things in the future cannot be misrepresentations of existing facts and, therefore, cannot constitute fraud. p. 670.

3. EVIDENCE.—*Parol evidence of parties' interpretation of contract properly admitted when written contract was ambiguous.* —Where a written contract for advertising was ambiguous as to the number of issues each day in which it was to be inserted, parol evidence of the parties' interpretation of the contract was properly admitted to determine what they intended by the contract. p. 670.

4. CONTRACTS.—*Breach of advertising contract for all editions of daily newspaper not waived when advertiser repeatedly demanded insertion in all editions.*—Breach of an advertising contract to run a party's advertisements in each edition of a daily newspaper, *held* not waived where the evidence showed repeated communications from advertiser requesting cancellation unless the advertisements were run in all the editions. p. 671.

5. CONTRACTS.—*Breach of advertising contract not waived by payment of bill for one month.*—Breach of an advertising contract to run advertisements in each edition of a daily newspaper *held* not waived by the payment of bill for one month, as the advertiser may have done so rather than have litigation in reference thereto. p. 671.

6. APPEAL.—*Judgment not reversed for admission of oral evidence as to terms of written contract, where court's attention not called to the reason assigned on appeal for excluding the evidence.*—Appellant cannot obtain a reversal of the judgment because of the admission of oral evidence as to the terms of a written contract, on the ground that the contract contained nothing in regard to the subject of the testimony, where the objection to the questions did not call the court's attention to that particular reason for excluding the evidence. p. 672.

From Marion Superior Court (A 23,682) ; *Clinton H. Givan,* Judge.

Action by the Tribune Company against Ward B. Hiner, doing business under the name of the "Red Ball Transit Company." From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Raymond L. Walker, Edward E. Gates, Jr., Samuel E. Ralston, Edward E. Gates, Moses B. Lairy, Frederick VanNuys, George M. Barnard* and *Julian C. Ralston,* for appellant.

*Jackiel W. Joseph* and *William J. Henley, Sr.,* for appellees.

NICHOLS, C. J.—Action on a written contract entered into between appellant and appellee Hiner, hereinafter mentioned as "appellee," doing business under the name of "Red Ball Transit Company," to recover the contract price of certain advertising alleged to have been run by appellant in its newspaper for appellee, pursuant to the contract sued on.

Appellee answered appellant's complaint in two paragraphs, the first being a general denial, and the second an answer of fraud and alleging rescission of the contract. The second paragraph of answer alleges, among other things, that appellant represented to appellee that his advertising would appear in all editions of the paper and that appellant, would, at all times, maintain an index to classified advertising in each issue of its paper and that each classification would appear thereunder; that such representations were fraudulent and false and for the purpose of inducing appellee to enter into the contract, and that appellant failed and refused to do as it so represented.

There was a trial by the court. At the conclusion of appellant's evidence, a motion on behalf of appellee Red Ball Transit Company for a finding in its favor was sustained by the court, the objection to which ruling of the court appellant does not rely on or assert in its appeal, but admits the correctness thereof.

At the conclusion of all the evidence, the court found generally against appellant, and in favor of appellee,

and that appellant take nothing by its complaint, and rendered judgment accordingly for appellee.

Appellant filed its motion for a new trial specifying that the finding was not sustained by sufficient evidence; that the finding was contrary to law; and that certain evidence had been erroneously admitted over objection duly made.

It is appellant's position: (1) That the evidence, either under appellee's answer in general denial or his answer alleging fraud, was insufficient to sustain the finding of the court; (2) that the finding of the court was contrary to law; and (3) that the court erred in permitting appellee to introduce evidence proving or tending to prove the allegations of fraud and misrepresentation set forth above, since such allegations and such evidence related only to promises to be performed in the future, and were not misrepresentations of existing facts.

This evidence, given by appellee and by appellees' witness Boatler, was, in substance, that appellant's agent, Mr. Roscene, said, at the time the contract was entered into, that the advertisements would be run in all editions of the Chicago Tribune and that the advertisement to be inserted by appellee under the heading of "Storage, Carting and Forwarding," would be indexed in the classified advertisement index.

Appellant's objection to this evidence as given by appellee was that it was "wholly immaterial what conversation they might have had before this contract was entered into," and to the evidence as given by appellee's witness on the ground that it was "attempting to prove misrepresentation, and an attempt by parol to vary the terms of a written contract, and on the further ground that the contract provides that 'The Advertiser hereby agrees with the Company that no representations of any

kind has been made to the Advertiser by the Company, or any of its agents, and that no understanding has been had, or agreement entered into, other than that embodied herein in writing.' "

It is the law that, generally, all agreements and conversations previous to a written contract are merged therein, and that parol evidence cannot be heard to vary the terms of a written contract. We have no occasion to antagonize this general rule of law. However, where there is a charge that the written contract was procured by fraud, then such conversations may be heard for the purpose of determining whether there was such fraud. But we do not need to consider the admissibility of this evidence for the purpose of proving fraudulent representations to induce the execution of the contract. In truth, it seems to the court that the representations as alleged and proved were promises to do a thing in the future, rather than misrepresentations of existing facts, and as such promises, fraud could not be predicated thereon. *Vogel* v. *Demorest* (1884), 97 Ind. 440; *Robinson* v. *Reinhart* (1894), 137 Ind. 674, 36 N. E. 519; *Ayers* v. *Blevins* (1901), 28 Ind. App. 101, 62 N. E. 305; *Wabash R. Co.* v. *Grate* (1913), 53 Ind. App. 583, 589, 102 N. E. 155.

The contract here involved provided that "The Advertiser agrees to insert in the THE CHICAGO TRIBUNE, owned by the Company, on each day of publication," his advertisement, and that "The Company shall furnish to the Advertiser" his advertising space. There are no other provisions therein as to the extent or number of publications each day. It appears by the evidence that there were, at that time and thereafter, as many as four editions of the paper each day, and, on Sunday, as many as six. Appellee contends that the contract meant that there was to be an insertion of his advertising matter in each edition of

the paper, but that it did not so appear, that he informed appellant's agent that it was appearing in but one edition, and that the agent, after investigating, admitted such to be the fact. There was no evidence contradicting this evidence unless the evidence of appellant's collecting agent as to how the paper was issued justified a contradictory inference. Appellant avers and contends that it had fully complied with the terms of the contract, thereby by fair inference contending that the insertion of appellee's advertising matter in one edition of the paper was all that was required under the contract. It is apparent that the contract was ambiguous in this regard, and before the court could determine whether appellant had fully complied with its terms, which appellee challenged by his denial, it must determine what the parties intended by the contract. To this end, it was entirely proper for the court to hear evidence of the parties' interpretation of their contract. *Bates* v. *Dehaven* (1858), 10 Ind. 319; *City of Vincennes* v. *Citizens, etc., Co.* (1892), 132 Ind. 114, 124, 31 N. E. 573, 16 L. R. A. 485; *Gardner* v. *Caylor* (1900), 24 Ind. App. 521, 56 N. E. 134; *International Harvester Co.* v. *Haueisen* (1918), 66 Ind. App. 355, 118 N. E. 320.

Had there been specific objection to oral evidence as to the classified indexing, it should have been, and no doubt would have been, sustained, as there is nothing in the contract with reference to such indexing.

Appellant says that, assuming that by the proper construction of the contract, appellant was bound to run the advertisements in each edition of the paper, 4, 5. and that they were not so run, under the facts as shown, the defect in performance was waived by the subsequent conduct of appellee inconsistent with a purpose to ever rely upon such defect in performance. But we do not so understand appellee's conduct. In his

letter of July 12, 1921, appellee wrote: "I want to advise you now, that unless this ad appears in all the papers, we want our contract canceled effective this date, because it is not in line with what we understood or had represented to us if the ad does not appear in all the papers." In his letter of July 20, 1921, appellee wrote: "I find in being in our office yesterday through one of your representatives that it was not the intention of the Tribune to run this ad in all the papers that went out and that our ad was only being run in the Bull Dog edition. If this is a fact we don't care to consider advertising further in your paper, and to avoid further complications in as much as we have already had unsatisfactory dealings, you are hereby authorized to cancel and not run any more ads for the Red Ball Transit Company under our present contract, as I was under the impression and was told that and advised by mail of the immense circulation throughout the country that your paper had and that was why we had to pay such a high rate." A letter to like effect was written September 28, 1921. We see nothing in these letters that indicates that appellee intended to waive a failure to perform on the part of appellant, and the fact that appellee chose to pay the July bill does not necessarily indicate a waiver. He may have done so rather than have litigation with reference thereto. There was ample evidence to sustain the finding and judgment of the court. We find no reversible error.

Judgment affirmed.

### ON PETITION FOR REHEARING.

NICHOLS, C. J.—Appellant calls attention to the statement in the opinion that, "had there been specific objection to oral evidence as to the classified

6. indexing, it should have been and no doubt would have been sustained, as there is nothing in the

contract with reference to such indexing," and states that there was specific objection to such oral evidence as to the classified indexing and that, therefore, the cause should be reversed. But the statement quoted from the opinion was made with reference to the admissibility of oral evidence for the purpose of interpreting an ambiguous contract, and the opinion holds that oral evidence is admissible for the purpose of interpretation. There was no objection to the question which elicited evidence as to the classified indexing, calling the court's attention that such indexing was not in the contract. The objection to the first question on this subject was that it was wholly immaterial as to "what conversation they might have had before the contract was entered into," and to the next question propounded that if the evidence was "introduced on the grounds of fraud, it must be to an existing fact and not anything he promised in the future."

Petition for rehearing, and to modify opinion, denied.