Jones, Receiver v. Lathrop-Moyer Company.

[No. 14,748. Filed June 22, 1934.]

*Ralph K. Kane, Gideon W. Blain,* and *Robert Hollowell, Jr.,* for appellant.

*John E. Hallett, Charles Remster, Henry H. Hornbrook, Albert P. Smith, Paul Y. Davis, Kurt F. Pantzer, Ernest R. Baltzell,* and *William G. Sparks,* for appellee.

CURTIS, J.—This was an action commenced in the trial court by Harry H. Jones, as Receiver of Long Auto Sales Company, against the appellee, Lathrop-Moyer Company, to recover damages to the Long Auto Sales Company by reason of the cancellation of a contract between the Long Auto Sales Company and the appellee.

The appellee, Lathrop-Moyer Company, was a distributor of "Oldsmobiles" in the city of Indianapolis, and it made a contract with the Long Auto Sales Company to furnish said company "Oldsmobiles" to be sold in Indianapolis at retail. The Long Auto Sales Company, under the contract, was required to make large expenditures of money in the way of advertising and in rental for a salesroom and in many other ways.

The amended complaint alleges all of these facts and also alleges that after large sums of money were spent in building up a business and good-will for Long Auto Sales Company, the appellee cancelled this contract and refused to furnish any more automobiles to the Long Auto Sales Company, and that, thereby, the business was destroyed and large losses accrued to the Long Auto Sales Company as a result of the cancellation.

The action is not an action *ex contractu* growing out of the breach of a contract, but it is an action in tort for damages for the alleged wrongful and fraudulent acts of the appellee in cancelling the contract.

To the original complaint there was addressed a motion to strike out parts which was overruled. Later an amended complaint was filed to which a motion to separate into paragraphs was filed and overruled, followed by a motion to strike out parts which was overruled. None of these ruling are brought here for review. The appellee, after the above rulings were made, filed a demurrer to the amended complaint for want of sufficient facts which was sustained, to which ruling the appellant excepted and elected to stand upon said ruling and refused to plead further, whereupon the court rendered judgment that the appellant take nothing by his complaint and that the appellee recover the costs. It is from this judgment that this appeal was taken, the only error assigned being that the court erred in its said ruling upon the demurrer to the amended complaint.

The amended complaint is voluminous and we believe it is not necessary to set it out in full. Its controlling allegations are in substance as follows: That the appellant's principal, Long Auto Sales Company, was a retail dealer in automobiles in the city of Indianapolis and the appellee was the distributor of "Oldsmobile" automobiles in that territory; that the appellee and said principal entered into a contract which gave the right to said principal to sell "Oldsmobile" automobiles in the above mentioned territory; that such a contract was first entered into between said principal and appellee about July 11, 1926, which contract was indeterminate, as to the period it was to continue in effect; that by the terms of this contract the said principal was required to maintain a sales and service room in the city of Indianapolis, to do certain advertising as required by appellee, to pur-

chase special tools and parts to be used in the servicing of such automobiles and was to make other expenditures in carrying on its business; that this contract was succeeded at the end of the year and on or about August 1, 1927, by another indeterminate contract, and on or about August 1, 1928, this contract was succeeded by another such indeterminate contract; that these several contracts were substantially the same and required the said principal to make known its requirements of automobiles for a year in advance; that the said principal was allotted for the year following the execution of the first contract one hundred twenty automobiles which it sold; for the year following the execution of the second contract, one hundred fifty automobiles, which it sold; and that for the year following the execution of the third contract two hundred one automobiles were allotted to said principal for sale.

The amended complaint further alleges that at or about the time of the execution of the contract of August 1, 1928, the appellee's vice-president informed the said principal that it must prepare for a large business for the ensuing year and requested the said principal to procure additional capital for the said business and that the said principal would make profits of about $18,000.00 for said year; that said principal procured one Bradford who was willing to supply to said principal all the money necessary to carry on the increased business for the ensuing year and for the purpose of securing confirmation to the said Bradford of the possibilities of said business caused the said Bradford to confer with the vice-president of appellee.

It is also alleged that the appellee was also engaged in retailing Olds Motor Vehicles in the said territory with a salesroom about nine blocks from said principal's salesroom and that after the interview between Bradford and the vice-president of appellee, the said appellee

cancelled said contract and made a contract with the said Bradford to sell Olds Motor Vehicles in said territory with a salesroom distant four miles from appellee's salesroom. The amended complaint further alleges that the cancellation of said contract and the execution of the contract with Bradford and the establishment of his salesroom four miles distant from appellee's salesroom was for the purpose of getting rid of said principal as a competitor in the proximity of appellee's retail salesroom; that after the notice of cancellation of said principal's contract, which was effective thirty days thereafter, the appellant's principal notified appellee that it was still able to carry out said contract, that it had procured another person to supply the money necessary to carry on said business but that appellee refused to revoke said cancellation; that appellant's principal as a result thereof lost its business, its investment, its goodwill, and the profits it would have made, all to its damage; that the contract required the said principal to make large investments, to procure an adequate salesroom, and a lease for five years of a salesroom was made with the advice and approval of appellee involving a total rental and liability of $20,100.00; advertising expenses were to be incurred as required by appellee and the contracts under which these liabilities were to be incurred were indeterminate as to the time.

The demurrer to the amended complaint was for want of facts. The memorandum filed therewith contains the following specifications:

"1. That said amended complaint does not show that there has been any breach of the written contract described therein, since it does not appear that the defendant agreed in said contract to continue in effect the license granted therein for any length of time, and therefore fails to show that there is any cause of action on account of the cancellation of the same.

"2. That said amended complaint does not show that there was at any time a valid and binding verbal contract or agreement whereby the defendant agreed to continue in effect the license referred to in the amended complaint for any length of time, since it appears therein that the statements and representations alleged to have been made by defendant were made prior to or at the time of the execution of the written contract described in the amended complaint and are of no legal effect whatsoever, and therefore fails to show that there is any cause of action on account of defendant's failure to abide by said alleged statements and representations.

"3. That said amended complaint does not show that the cancellation of the contract described therein was wrongful, fraudulent and illegal, since it does not appear that the license granted therein was to continue in effect for any length of time and that defendant did not have a legal right to cancel said contract, and therefore fails to show a cause of action on account of the cancellation of the same.

"4. That said amended complaint does not show that the statements and representations alleged to have been made by defendant were wrongful or fraudulent, since it does not appear therein that they were statements of a past or existing fact or facts, and therefore fails to show that there is any cause of action on account of such alleged statements and representations and defendant's failure to abide thereby."

The appellant argues that in such a situation the appellee was under a special obligation to appellant to deal with him in a spirit of fairness; that the appellee created the situation by which the appellant's principal, for all practical purposes, surrendered itself wholly into the hands of appellee; that in this situation the appellee was charged with a greater responsibility than in an

ordinary contract where the rights of all parties are particularly defined; and that it owed a plain duty to the appellant to continue the contracts in force in the absence of a substantial and sound reason for cancelling the contract.

That the appellee took advantage of this opportunity to secure Bradford as an independent dealer, created him a dealer and caused him to open his salesroom more than four miles distant from the appellee's retail salesroom.

That the issue presented by this appeal is whether or not in circumstances as are here presented, there was a legal duty upon the part of the appellee to continue the said contract in force and not to cancel the contract except for good and sufficient reasons as for example, a failure of said principal to carry on the business in a proper manner to the injury of the reputation of Olds Motor Vehicles, or its inability to finance the business properly, or other reason which would render such cancellation sound and reasonable under existing circumstances.

We cannot agree with the appellant's contention. The allegations of the appellant's amended complaint bring the case, in our opinion, within the rules of law announced in the case of *Randall* v. *Hazelton* (1866), 94 Mass. (12 Allen), 412, 415, from which we quote as follows: "So in reference to the term damage, the law is that it must be a loss brought upon the party complaining by a violation of some legal right, or it will be considered as merely *damnum absque injuria*. There is a large class of moral rights and duties, sometimes called imperfect rights and obligations, which the law does not attempt to enforce or protect. The refusal or discontinuance of a favor gives no cause of action. If one trusts to a mere gratuitous promise of favor from another and is disappointed, the law will not protect

him from the consequence of his undue confidence, nor encourage carelessness or want of prudence in affairs. Damages can never be recovered where they result from a lawful act of the defendant. The exercise of a right conferred by a valid contract, in the manner provided by its terms, cannot be the ground of an action. The law will not inquire into the motives of the party exercising such right, however unfriendly and selfish. The trouble and expense and risk of loss ought to and must be presumed to have been contemplated when the contract was entered into. The foreclosure of a mortgage under a power of sale, for example, may be made at such time and under such circumstances as to cause great distress and sacrifice to the mortgagor; but, whatever the motive of the mortgagee, no remedy is afforded for his oppressive conduct, if the requirements of the contract have been fulfilled." See also: *Ford Motor Car Co.* v. *Alexander Motor Co.* (1928), 223 Ky. 16, 2 S. W. (2nd) 1031; *Huffman* v. *Paige-Detroit Motor Car Co.* (1919), 262 Fed. 116; Cooley on Torts, (2nd) p. 93; *The Franklin Insurance Co.* v. *Humphrey* (1879), 65 Ind. 549, 32 Am. Rep. 78; *Tribune Co.* v. *Red Ball Transit Co.* (1926), 84 Ind. App. 666, 151 N. E. 338, 151 N. E. 836, and cases cited therein; *Pinkerton* v. *Superior Motor Sales Co.* (1926), 85 Ind. App. 165, 143 N. E. 365. See also *Rich* v. *New York Central and Hudson River R. R. Co.* (1881), 87 N. Y. 382, cited and relied upon by the appellant but which in reality in the main sustains the appellee's position. The appellant relies also upon the case of *Sharts et al.* v. *Douglas, Receiver* (1932), 94 Ind. App. 201, 163 N. E. 108. That case is readily distinguishable from the instant case. The holding there was that when a trustee of an express trust has taken advantage of his fiduciary relationship to cheat and defraud the *cestui que* trust out of the property held in trust, he may be sued in tort in his indi-

vidual capacity for the damages sustained and a third person who has aided him knowingly in so defrauding the *cestui que* trust may be joined as a defendant in the same action as a joint tort-feasor. None of these features are contained in the pleading under consideration in the instant case.

While we recognize the rules of law stated in the *Randall* v. *Hazelton case, supra,* from which we have quoted as applicable to the instant case we also recognize the law to be that while a mere contract obligation may establish no relation out of which a separate or specific legal duty arises, yet extraneous circumstances and conditions in connection with it may establish such a relation as to make its performance a legal duty and its omission a wrong to be redressed, that is, the duty and the tort grow out of the range of facts of which the breach of the contract was but one, in other words, if an independent common law duty results from the facts the offending party may be sued in tort for any negligence or misfeasance in the performance of the contract. But the appellant's amended complaint does not contain allegations sufficient to bring it within the last stated rule. Its allegations bring it within the rule of *damnum absque injuria.*

In our opinion the ruling of the court upon the demurrer to the amended complaint was correct. We find no reversible error.

The judgment is affirmed.