## Daniel Boone Coal Company v. W. H. and Mahala Miller.

(Decided January 20, 1920.)

### Appeal from Perry Circuit Court.

1. Contracts—Mutuality.—Where one party reserves the absolute right to cancel or terminate the contract at any time, mutuality is absent, and the contract is unenforceable.

2 Mines and Minerals—Lease—Executory Contract.—A coal mining lease is executory where the lessee has not entered upon the premises.

3. Contracts—Mining Leases—Mutuality—Validity.—An executory coal mining lease provided for a royalty of ten cents a ton, but contained no provision fixing the time when the lessee should begin operations or providing a minimum royalty. The lease gave to the lessee the right to terminate it, "if said party of the second part shall discover that coal does not exist on the said premises in sufficient quantities to justify the mining thereof, or if in its judgment at any time the mining of said coal shall be or become unprofitable, and, if from any other cause second party shall in its discretion conclude to abandon the premises. Held, that as the lease gave to the lessee the absolute right to cancel

it at any time, it was lacking in mutuality and was therefore un-enforceable.

WOOTTON & MORGAN for appellant.

NICKELL & TYNES, P. T. WHEELER and MILLER & CRAFT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

On November 7, 1913, W. H. Miller and wife executed a coal mining lease on a tract of land in Perry county to the Ross-Petrey Coal Company. On June 25, 1915, the Ross-Petrey Coal Company assigned and transferred the lease to the Daniel Boone Coal Company. On July 5, 1916, Miller notified the Daniel Boone Coal Company of his purpose to cancel the lease at the expiration of thirty days. On June 2, 1917, Miller and wife brought suit against the Daniel Boone Coal Company to cancel the lease on the ground that it was void for the want of mutuality, and on the further ground that the coal company had abandoned the lease. On final hearing the plaintiffs were granted the relief prayed for and the defendants appeal.

The only question we deem it necessary to consider is whether the lease is void for want of mutuality.

The lease provides for a royalty of ten cents a ton, but contains no provision fixing the time when the lessee should begin operations or providing for a minimum royalty in case the mine was not operated. The lessee had not entered upon the leased premises when the suit was brought, and the lease was therefore executory. The provisions of the lease governing the rights of cancellation are as follows:

"a. It is mutually agreed between the parties hereto, that if said parties of the second part shall discover that coal does not exist on said premises in sufficient quantities to justify the mining thereof, or if in its judgment, at any time the mining of said coal shall be or become unprofitable, or if from any other cause said party of the second part, in its discretion, shall conclude to abandon said premises, it is hereby given the right so to do by giving written notice thereof to said parties of the first part, and this agreement and lease shall cease and terminate in thirty days after the giving of such notice, and both parties shall thereafter be released from all obliga-

tions hereunder, provided, however, said party of the second part shall remain liable for all royalties and moneys due up to the time of such termination, and second party agrees to leave all buildings and structures upon the premises at the termination of this lease.

"(b)   All of the covenants, provisions and conditions of this lease shall inure to, and be binding upon the heirs, successors, executors and administrators of the parties hereto, whether herein expressed or not.

"Provided, however. if said party of the second part shall fail to pay any of the royalties or other payments at the time and in the manner hereinbefore provided, or shall fail to keep or perform any of the covenants and agreements on its part to be kept and performed hereunder, then this lease and agreement shall be null and void at the option of said parties of the first part, and it shall be lawful for said parties of the first part to enter on said premises and expel said parties of the second part therefrom and again have, repossess and enjoy the same as if this agreement and lease had not been made.

"(c)   But first parties shall give second party thirty days' notice of any failure on its part to keep and perform this contract."

It is a well recognized rule of law that where a party reserves the absolute right to cancel or terminate the contract at any time, mutuality is absent, and the contract, if executory, cannot be enforced. Killebret v. Murray, 151 Ky. 345, 151 S. W. 662; Ellis v. Dodge Bros., 237 Fed. 860. But appellant insists that, fairly construed, the contract as a whole is mutual and is therefore not lacking in mutuality merely because one clause is unilateral in construction. In support of this view it is argued that the contract gives to the lessee the right to cancel it upon certain conditions, and a corresponding right to the lessor. It will be observed, however, that the only right of cancellation given to the lessor is for a violation of the contract by the lessee, while the lessee is given the right to cancel the lease if it "shall discover that coal does not exist on said premises in sufficient quantities to justify the mining thereof, or if, in its judgment, at any time the mining of said coal shall be or become unprofitable, or if from any other cause second party shall in its discretion conclude to abandon said premises." The concluding words above quoted are not

susceptible of the construction that the cause must be reasonable or sufficient. Evidently, they were carefully selected, and show manifest purpose to give to the lessee the right of cancellation for "any other cause," and to make the lessee the sole judge of the sufficiency of the cause. In the recent case of Rehm-Zeiher Co. v. Walker Co., 156 Ky. 6, 160 S. W. 777, 49 L. R. A. (N. S.) 694, the court had under consideration the validity of a contract for the sale of a specific quantity of whiskey each year for several years, containing the following provision: "If for any unforeseen reason the party of the second part find that they cannot use the full amount of the above named goods, the party of the first part agrees to release them from the contract for the amount desired by party of the second part." It was held that the contract was lacking in mutuality because it did not obligate the second party to take any of the whiskey. Clearly, the language of that contract gave to the purchaser no broader discretion than that given by the lease under consideration. Nor does the fact that the lease provides that in case of cancellation the lessee shall remain liable for all moneys due up to the time of such termination, and agrees to leave all buildings and structures upon the premises at the termination of the lease, have the effect of providing an independent consideration sufficient to overcome the lack of mutuality, since, under the provision in question, the lessee is given the right to terminate the lease before any liability for royalties is incurred, and before any buildings and structures are placed upon the premises. Being of the opinion that the lessee reserved the absolute right to cancel the lease at any time, it follows that the lease is invalid for lack of mutuality, and the chancellor did not err in so holding.

Judgment affirmed.