## Ford Motor Company v. Alexander Motor Company.

(Decided February 7, 1928.)

### Appeal from Edmonson Circuit Court.

1. Contracts.—Right to cancel contract, incorporated or reserved therein in writing, is part of contract itself, and on exercise of such contractual right all obligations cease, and no liability arises from cancellation.

2. Contracts.—Executory contracts, where terminable at will, afford no basis for cause of action to either party after termination, in so far as they remain unexecuted.

3. Contracts.—Parties may lawfully enter into agreements whereby one party has right to terminate contract at will, and court will enforce such agreements as written.

4. Contracts.—Contracts terminable at will are binding on both parties until right of cancellation reserved is exercised by cancellation on part of one or the other.

5. Sales.—Estimate made by a dealer under contract between dealer of automobiles and manufacturer for number of automobiles required for ensuing year held not to prevent cancellation of dealer's contract during year, where provisions requiring estimate were expressly made subject to right of company or dealer to cancel contract.

6. Contracts.—If right to cancel contract as an entirety is reserved and exercised, all of several separate papers on which contract is written fall together, and contract is terminated.

7. Contracts.—Cause of action on contract may not be based on act which the contract itself authorizes to be done.

8.  Sales.—Where contract between automobile dealer and manufacturer expressly reserved right of either party to cancel contract on notice, dealer, who had sent in estimate of number of cars rquired for ensuing year, held not entitled to recover damages for alleged breach of contract by company after company had given notice of cancellation in accordance with contract.

BEN F. WASHER, RODES & HARLIN and B. M. VINCENT for appellant.

MILTON CLARK and JOHN A. LOGAN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

The Alexander Motor Company instituted this action in the Edmonson circuit court against the Ford Motor Company to recover damages in the sum of $14,150 for the alleged breach of a written contract between the parties, known as a dealer's agreement. A trial by a jury resulted in a verdict for $2,500 in favor of the plaintiff. A new trial was requested and refused in the lower court, resulting in this appeal.

The written contract on which the action was predicated is on a printed form, consisting of 25 numbered paragraphs, but only those numbered 5, 6, and 17 are necessary to be considered in a decision of this case. They read as follows:

"(5) In order that company may determine the prospective requirements of its business, and may base its purchases for materials, etc., thereon, the dealer agrees that he will furnish to company on form provided, prior to December 31st of each year, an estimate of the number of Ford automobiles, trucks, chassis, Fordson tractors, and Lincoln automobiles and chassis dealer will sell at retail, and to be shipped him in the various months of the following year as specified.

"(6) Company agrees that the estimate and shipping specifications of the dealer will receive company's careful attention, but company does not agree absolutely to fill them, but expressly reserves the right to refuse them from time to time, or such parts of them as company deems necessary or proper, and all such estimates are subject to delays occurring from any cause whatsoever, in the manufacture and delivery of its product—no legal liability to fill such

estimates being incurred under any circumstances. And the dealer may cancel, upon one month's written notice to company, any unfilled part of said estimates.

"(17) This agreement shall continue in force and govern all transactions between the parties hereto until canceled or terminated by either party; but it is agreed that either party shall have the privilege, with or without cause, to cancel and annul this agreement at any time upon written notice by registered mail, or personal delivery of notice to the other party, and such cancellation shall also operate as a cancellation of all unfilled retail and other orders and requisitions for all products of company which may have been received by the company from the dealer prior to the date when such cancellation is served."

On June 21st, 1926, the appellant, Ford Motor Company, gave written notice to the appellee under clause No. 17, to the effect that the agreement was canceled as of that date. This action was then instituted on the contract, upon the theory that appellant had thereby violated the contract and damaged the appellee.

It is a well-settled rule of law that a right to cancel a contract, incorporated or reserved therein, is a part of the contract itself, and, upon the exercise of such contractual right, all obligations under the contract cease and determine, and no liability arises from the cancellation. Louisville Tobacco Warehouse Co. v. Zeigler, 196 Ky. 414, 244 S. W. 899.

Parties may lawfully enter into agreements like the one here involved, and the courts enforce them as written. If parties agree that the rights, duties, and obligations arising from a contractual relation shall endure only at the will or pleasure of either, the courts have no right to substitute a different duration for such rights. Executory contracts, terminable at will, in so far as they are unexecuted at the time of termination, afford no basis for a cause of action to either party. Rehm-Zeiher Co. v. Walker Co., 156 Ky. 6, 160 S. W. 777, 49 L. R. A. (N. S.) 694; Paragon Oil Co. v. Hughes, 193 Ky. 534, 236 S. W. 963; Daniel Boone Coal Co. v. Miller, 186 Ky. 561, 217 S. W. 666; Soaper v. King, 167 Ky. 126, 180 S. W. 46; Ross-Vaughan Tobacco Co. v. Johnson, 182 Ky. 325, 206 S. W. 487; Goff v. Saxon, 174 Ky. 330, 192 S. W. 24.

Such contracts are binding on both parties, until the right of cancellation is exercised by one or the other. Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 59 L. Ed. 856.

The appellee insists, however, that the estimate made on January 2, 1926, for the ensuing year, extended the contract for that year, and fixed the appellant's obligation to that extent; but the estimate itself was based upon and pursuant to sections No. 5 and No. 6 of the contract, supra, and was subject to cancellation therewith. It is true that parties may put their contracts on several separate papers, but, if a right to cancel the contract as an entirety is reserved and exercised, all the papers fall together, and the contract ends. A cause of action on the contract may not be based on an act which the contract authorizes to be done.

Appellees rely on the case of White Co. v. W. P. Farley & Co., 219 Ky. 66, 292 S. W. 472, where a judgment for $840 against the White Company on a dealer's contract was affirmed. The judgment was for the accrued commission, based upon an actual sale negotiated by Farley before the cancellation of the contract. The jury was instructed that if the White Company intervened and canceled the contract with Farley, for the purpose of completing a sale which Farley had initiated, and thereafter concluded such sale, Farley was entitled to his commission. It is clear from the opinion that the commission there was earned before the contract was canceled. The court recognized the right to terminate a contract where it was so provided by its terms, but not to affect injuriously "any rights that have already accrued to the other party in its partial execution." Compare Elkhorn C. C. & C. Co. v. Eaton, Rhodes & Co., 163 Ky. 306, 173 S. W. 798.

It is alleged in the petition in this case that for more than three weeks prior to the cancellation of the contract on June 21, 1926, and in violation thereof, appellant refused to furnish appellee any cars, vehicles, or supplies, as provided by said contract and covered by said estimate for the year 1926, although plaintiff during said time made repeated demands and requisitions for such cars, vehicles, and supplies, resulting in plaintiff's damage. This allegation of the petition was denied by the answer, and there was no proof whatever to sustain it. On the contrary, it was shown without contradiction that all cars

and parts ordered prior to the letter of cancellation on June 21, 1926, were delivered and accepted.

This action is based on a written contract, which gave either party a right of cancellation. That right was exercised by the appellant according to the contract. There was no proof of any breach of the contract or any repudiation of accrued rights thereunder. It necessarily follows that the appellant was entitled to the peremptory instruction requested at the close of the testimony for appellee. This conclusion renders unnecessary any discussion or decision of the other interesting questions raised in the record and discussed in the briefs.

The judgment is reversed, with instructions to grant the appellant a new trial, and for proceedings in accordance with this opinion.

Judge Logan not sitting.