FRENCH RENOVATING CO. v. RAY RENOVATING CO. et al.

No. 10659.

United States Court of Appeals
Sixth Circuit.

Dec. 1, 1948.

946

Oberlin & Limbach, of Cleveland, Ohio (John F. Oberlin, Schweid, Snyder, Torbet & Zucker, Edward J. Schweid, all of Cleveland, Ohio, on the brief), for appellees.

Max S. Fishel and Frederic M. Bosworth, both of Cleveland, Ohio (Bosworth & Sessions, Frederic M. Bosworth, Stanley M. Clark and Max S. Fishel, all of Cleveland, Ohio, on the brief), for appellees.

Before HICKS, Chief Judge, ALLEN and McALLISTER, Circuit Judges.

HICKS, Chief Judge.

The plaintiff, The French Renovating Company, a corporation organized and existing under the laws of Ohio, with its principal office in Cleveland, filed its complaint against the defendant, The Ray Renovating Company, also a corporation organized and existing under the laws of Ohio, with its principal office and place of business in that State, and against Albert B. Beitman, a resident of Cleveland Heights, Cuyahoga County, Ohio. The parties will be referred to as plaintiff and defendants as they appeared in the court below.

The complaint alleged four separate causes of action, to wit,—(1) an action against both defendants for infringement of U.S. Patent No. 2,156,881; (2) an action against both defendants for copyright infringement of label registration No. 47,495; (3) an action against Beitman for breach of contract; and (4) an action against him for breach of trust.

The causes of action upon contract and for breach of trust stem from an agreement between Beitman and certain parties, not necessary to be specifically named here, to whom plaintiff claims to be a successor in interest. It claims also to be a successor in interest in the contract to a formerly existing partnership called French Renovating Company. Plaintiff charges that Beitman violated the following specific provision of the contract, to wit:

"16. In violation of the covenant entered into by said individual defendant Albert B. Beitman, 'that he will at no time divulge or in any manner use any and/or all formulae and/or processes, formerly used by French Renovating Co., a partnership, or now used or owned or hereafter acquired, owned or used by The French Renovating Co., a corporation.' "

The defendants never answered the complaint, but did answer interrogatories relating to the issue of patent infringement. Thereupon pursuant to negotiations for settlement, findings of fact and conclusions were stipulated, and on December 6, 1946, the District Court entered a judgment against defendants and on December 9th issued an injunction prohibiting defendants from infringing the patent and from violating the written agreement of January 5, 1935, and from using any formulae, processes, or other information acquired by defendant Beitman, through his confidential fiduciary relations with the predecessors of plaintiff.

On June 6, 1947, defendants filed their motion for relief from the judgment under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A.; and on June 16th following, plaintiff filed its motion against Beitman, directing him to show cause why he should not be punished for violating the injunction. On October 14, 1947, the defendants, under the provisions of Rule 12 (b) (2) of the Federal Rules of Civil Procedure, filed a motion to be relieved from the judgment, the injunction and all proceedings and claims under plaintiff's third and fourth causes of action, upon the ground that the court was without jurisdiction to consider and determine them. The court heard this motion in connection with plaintiff's motion that the court direct Beitman to show cause why he should not be punished for violating the injunction and defendants' motion for relief under Rule 60 (b); and the court being of the opinion that it did not have jurisdiction to issue the in-

junction contained in paragraphs 4 and 5 of the judgment entry of December 6, 1946, modified the entry by striking these paragraphs from the decree.

Plaintiff appealed and thus is raised the question, whether the court had jurisdiction of plaintiff's third cause of action for a breach of contract; and its fourth cause of action for a breach of trust and confidence. Under Title 28 U.S.C.A. Sec. 80,[1] it became the duty of the court to determine this question. The District Court has jurisdiction over suits for patent and copyright infringement as provided in Title 28 U.S.C.A. Ch. 2, Sec. 41, par.(7),[2] but as an original proposition it has no jurisdiction over suits for breach of contract or breach of trust where there is, as here, a lack of diversity of citizenship and of an allegation that the value of the relief sought is in excess of $3000.00, exclusive of interest and costs. Title 28 U.S.C.A. Ch. 2 Sec. 41, par. (1).[3] Such suits are non-federal in their nature and the District Court does not acquire jurisdiction over them merely because they are joined in the complaint with other causes of action which are within its jurisdiction. Hurn v. Oursler, 289 U.S. 238, 248, 53 S.Ct. 586, 77 L.Ed. 1148.

Before the District Court in such a case may accept jurisdiction of such non-federal causes of action, it must appear that both federal and non-federal causes rest upon substantially identical facts. Hurn v. Oursler, supra, 289 U.S. at page 246, 53 S.Ct. at pages 589, 590, 77 L.Ed. 1148. It is the duty of plaintiff, as always, to establish jurisdiction and we cannot say that it has successfully carried this burden. Plaintiff's non-federal claims are entirely independent of its federal claims and it does not appear with any appreciable degree of certainty that the facts necessary to support them would also support the federal claims.

The stipulated Findings of Facts and Conclusions provide an unsatisfactory basis upon which the court could determine the question of its jurisdiction. These Findings were not made with that end in view but were made before trial during negotiations for a settlement.

In plaintiff's Motion for Rule to Show Cause, heretofore referred to, we get a clear and succinct statement of the four causes of action alleged in the complaint. It is as follows:

"* * * 2. The following several causes of action were asserted in said Complaint, viz:

"(a) Infringement by defendants of United States Letters Patent No. 2,156,881 owned by plaintiff;

"(b) Infringement by defendants of United States Copyright Registration No. 47,495;

"(c) Violation by the individual defendant Albert B. Beitman of a certain written agreement dated January 5, 1935; and

"(d) Misuse by said individual defendant of formulae and/or processes and other data and information acquired by him through his confidential and fiduciary relations with plaintiff's predecessor."

It must be kept in mind that the non-federal claims (c) and (d), corresponding to claims (3) and (4) of the complaint are against Beitman, only as an individual, and not against the defendant corporation.

Obviously, under the commonly accepted rules of judicial pleading and procedure, the proof required to support the non-federal causes of action (3) and (4) would be at variance with the proof required to support federal causes of action (1) and (2) and insufficient to bring claims (3) and (4) within the jurisdiction of the District Court.

Hurn v. Oursler, supra, was decided April 17, 1933, and was followed a month and two days later by our case of General Motors Corp. v. Rubsam Corp., 6 Cir., 65 F.2d 217, and neither case has been overruled.

The order appealed from is affirmed.

---

[1] 1948 Judicial Code, 28 U.S.C.A. § 1447.

[2] 1948 Judicial Code, 28 U.S.C.A. § 1338.

[3] 1948 Judicial Code, 28 U.S.C.A. §§ 1331, 1332.