**RIEDLEY v. HUDSON MOTOR CAR CO. et al.**

No. 1482.

United States District Court W. D. Kentucky, at Louisville.

Feb. 11, 1949.

Fred J. Karem and Karem & Karem, all of Louisville, Ky., for plaintiff.

Stuart E. Lampe, of Louisville, Ky., for defendant, Koster-Swope Motors, Inc.

Chas. I. Dawson and Bullitt, Dawson & Tarrant, all of Louisville, Ky., for defendant Hudson Motor Car Co.

SHELBOURNE, Chief Judge.

The plaintiff, Chas. J. Riedley, a resident of Kentucky, is engaged in business under the trade name of Riedley Motor Company.

He filed his complaint in this action May 5, 1948. The first count alleges that the defendants, Hudson Motor Car Company, a Michigan corporation, and Koster-Swope Motors Inc., a Kentucky corporation, conspired to restrain and monopolize Interstate Commerce by agreeing to refuse renewal of a dealership contract in motor cars and accessories, which the plaintiff had with the defendant Hudson Motor Car Company.

The second count of the complaint alleged that the defendants, Hudson Motor Car Company and Koster-Swope Motors failed and refused to renew a dealership contract with him and by such failure and refusal breached an alleged implied contract of renewal.

As damages on account of the claims set forth in count 1, plaintiff claimed damage in the sum of $153,850, alleged to have been suffered in the following respect—

Not less than

| | |
|---|---|
| Loss on real estate, buildings and equipment | $25,000.00 |
| Loss of revenue from real estate taken over for improvement of buildings | 3,600.00 |
| Cost of Hudson sign and damage to building | 250.00 |
| Loss of prospective profits reasonably anticipated | 75,000.00 |
| Loss of good will and value as going concern | 50,000.00 |
| Total ........... | $153,850.00 |

Under the provisions of Section 15, Title 15 U.S.C.A., plaintiff sought treble this amount, with interest and attorneys fees.

As his jurisdictional ground, he alleged that his action was brought under Section 15, Title 15 U.S.C.A., by reason of wrongful acts done by the defendants in violation of Section 1 of that title.

Under the second count of the complaint, he claims additional damages in the sum of $100,000 and seeks recovery of that amount, alleging that for many years prior to July 31, 1947, he was a dealer in new Hudson automobiles and accessories and that in the year 1946, defendants required plaintiff, in order to continue as a Hudson dealer, to enlarge his show room, parts department, service department and to obtain new equipment and otherwise to improve and increase his facilities sufficient to qualify him a "Hudson Master Dealership."

He states that he was "led to understand" by the defendants that if such improvements were made, his contract as a Hudson dealer would be renewed, but that defendants failed and refused to so renew said contract, which, by its terms, expired on the 31st day of July 1947, resulting in the damage complained of.

Service of process was had upon the Hudson Motor Car Company by the deputy marshal in the Eastern District of Michigan. Koster-Swope Motors was served by the marshal within this District.

Defendants have filed their separate answers, in which there is included motions to dismiss count 1 because—

(1) The restraint of trade attempted to be alleged does not constitute such restraint as is prohibited or condemned by the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15-note.

(2) Each had the full right to select the dealers whom it wished to represent it.

(3) The clause in the contract of dealership provided for its termination on July 1, 1947 and contained no provision giving either party a right of renewal.

(4) The facts alleged in count 1 (conceded to be true for the purpose of consideration of the motion) show only a private wrong to plaintiff and no restriction of any public right in trade or commerce and therefore no violation of the Sherman Anti-Trust Act.

With respect to count 2, the defendants contend that this Court has no jurisdiction, because there is lacking diversity of citizenship between the plaintiff and both defendants, in that plaintiff and defendant Koster-Swope Motors are each residents of the State of Kentucky.

It is apparent that the cause of action upon which plaintiff relies in count 1 sounds in tort and that contained in count 2, for the alleged breach of an implied contract to renew a contract, is ex contractu.

It will be observed that the plaintiff makes no allegation that the termination of his dealership contract will affect the public in the ability to purchase Hudson automobiles and accessories. No claim is made that the elimination of plaintiff as a dealer will result in lessening the supply of Hudson automobiles, parts and accessories through their dealerships or to the market generally.

The contention is that the threat to cancel, and the consummation of the threatened termination, affect only the plaintiff.

■ Plaintiff's counsel, in his brief, makes the contention that the restraint of interstate commerce resulted solely and only in the cancellation of plaintiff's contract.

Such allegations do not constitute a valid claim under the Sherman Anti-Trust Act.

In the case of United States v. Colgate & Co., 250 U.S. 300, 39 S.Ct. 465, 468, 63 L.Ed. 992, 7 A.L.R. 443, the Court said—"In the absence of any purpose to create or maintain a monopoly, the act does not restrict the long recognized right of trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal".

In the case of Abouaf et al. v. J. D. & A. B. Spreckels Company, D.C.Cal., 26 F.Supp. 831, 832, the Court said—"The main purpose of the Anti-Trust Acts was to provide protection for the public from monopolies and restraint of trade; and the individual right of action was incidental and subordinate. A complaint to state a cause of action must show not only damages sustained by the individual plaintiff, *but even more importantly,* a violation of public rights prohibited by the Act. Therefore, it is not sufficient that the declaration shows a good cause of action at common law, for the action is wholly statutory." (Italics supplied.)

■ The main purpose, therefore, of the Anti-Trust Acts is to protect the public from monopolies and restraint of trade and the right accruing to an individual, by reason of such monopoly affecting the public, is incidental. Glenn Coal Company v. Dickinson Fuel Company, 4 Cir., 72 F.2d 885; Weinberg v. Sinclair Refining Company, D.C.N.Y., 48 F.Supp. 203; Maltz v. Sax, 7 Cir., 134 F.2d 2, 4.

In Arthur v. Kraft-Phenix Cheese Corporation, D.C.Md., 26 F.Supp. 824, 825, the plaintiff charged the defendant with conspiracy to refuse continuing to sell the plaintiff cheese. The petition was dismissed for the reason that the Sherman and Clayton Acts were held to be for the public benefit and not primarily to redress personal wrongs.

Of that situation, that Court said—"Taken as a whole the declaration discloses only what seems to be a private controversy rather than one affecting the public as such. It is well established that the principal purpose of enacting the Anti-Trust Laws, 15 U.S.C.A. § 1 et seq., was to protect the public; and the right of an individual to sue for personal damages sustained is in-

cidental and subordinate. * * * private suits are maintainable only when the defendant's conduct prejudicially affects the public generally as distinct from purely personal or private damage."

The case of Shotkin v. General Electric Company, 10 Cir., 171 F.2d 236, 239, is relied upon by defendants and is in point. The complaint, as amended in that case, was held to be fatally infirm and was dismissed, because there was no allegation that the defendants combined and conspired to refrain from competing with each other in the manufacture, sale and distribution of electric lamps, fixtures, and apperati and electrical goods, and did not allege the defendants conspired to raise prices, divide trade territory or furnish to the public inferior quality merchandise.

■ The Court said—"While it was alleged that the refusal to furnish merchandise to plaintiff for sale in connection with the conduct of his business was in furtherance of the conspiracy and that the public was injured, it was not charged generally or specifically that as the result of that refusal the prices of such merchandise were enhanced or that the volume thereof in the competitive markets was diminished. In other words, the complaint failed to allege facts from which it could be determined as a matter of law that a combination or conspiracy was entered into which brought about an increase in prices to the consuming public, a diminution in the volume of merchandise in the competitive markets, a deterioration in the quality of the merchandise available in the channels of commerce, or any other like evil consequence in the free flow of interstate commerce."

With respect to the right of the defendants to select the dealers by whom they wished to be represented in their sales efforts, there can be little doubt that the defendants had the right to terminate the contract of agency. Similar contracts have been upheld by the Court of Appeals of Kentucky and the right of the manufacturer to terminate its contract of dealership has been upheld in contracts very similar to that here involved. See Ford Motor Company v. Alexander Motor Company, 223 Ky. 16, 2 S.W.2d 1031; Business Men's Assurance Company v. Eades, 290 Ky. 553, 161 S.W.2d 920.

In the case of Bushwick-Decatur Motors v. Ford Motor Company, 2 Cir., 116 F.2d 675, 677, the Court said—"* * * generally speaking, the situation arises from the strong bargaining position which economic factors give the great automobile manufacturing companies: the dealers are not misled or imposed upon, but accept as nonetheless advantageous an agreement in form bilateral, in fact, one-sided. To attempt to redress this balance by judicial action without legislative authority appears to us a doubtful policy."

■ It therefore appears, from the allegations and from statements of counsel for plaintiff in the argument, that the alleged wrong complained of in this action is a private wrong to plaintiff, and therefore not one within the prohibition of the actions authorized by Section Title 15 U.S.C.A. Section 1.

It is therefore concluded and held that the allegations of Count 1 of plaintiff's complaint are not sufficient to show or establish a claim or cause of action upon which the relief sought, or any relief, could be granted.

■ This leaves for consideration Count 2 of the complaint—that is the action ex contractu—arising out of the alleged breach of the implied contract to renew the contract of dealership.

The plaintiff's residence and citizenship in Kentucky and the citizenship of the defendant Koster-Swope Motors, Inc., being in Kentucky, eliminate one of the essentials necessarily present to confer jurisdiction under Title 28, Section 41(1) in the Revised Judicial Code, Title 28, U.S.C.A. § 1332.

Counsel for plaintiff recognizes this absence of diversity and contends that under the doctrine of Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, the Court has jurisdiction, his contention being that while a Federal Court may not assume jurisdiction of a separate and distinct non-Federal cause of action because it is joined in the same complaint with the Federal cause of action, yet, where two distinct grounds in support of a single cause of action are alleged, only one of which pre-

sents a Federal question, and the Federal question is not plainly wanting in substance, the Federal Court, even though the Federal ground be not established, may nevertheless retain and dispose of the case on the non-Federal ground.

The Court of Appeals of the Sixth Circuit considered the case of Hurn v. Oursler, as late as December 1, 1948, in the case of French Renovating Company v. Ray Renovating Company, 6 Cir., 170 F.2d 945, 947, involving an analagous jurisdictional question, arising out of claims on patent infringement.

Chief Judge Hicks, writing for the Court said—

"The District Court has jurisdiction over suits for patent and copyright infringement as provided in Title 28 U.S.C.A. Ch. 2, Sec. 41, par. (7),[1] but as an original proposition it has no jurisdiction over suits for breach of contract or breach of trust where there is, as here, a lack of diversity of citizenship and of an allegation that the value of the relief sought is in excess of $3000.00, exclusive of interest and costs. Title 28 U.S.C.A. Ch. 2, Sec. 41, par. (1).[2] Such suits are non-federal in their nature and the District Court does not acquire jurisdiction over them merely because they are joined in the complaint with other causes of action which are within its jurisdiction. Hurn v. Oursler, 289 U.S. 238, 248, 53 S.Ct. 586, 77 L.Ed. 1148.

"Before the District Court in such a case may accept jurisdiction of such non-federal causes of action, it must appear that *both federal and non-federal causes* rest upon substantially identical facts. Hurn v. Oursler, supra, 289 U.S. at page 246, 53 S.Ct. at pages 589, 590, 77 L.Ed. 1148. * * * Plaintiff's non-federal claims are entirely independent of its federal claims and it does not appear with any appreciable degree of certainty that the facts necessary to support them would also support the federal claims." (Emphasis added.)

See also Armstrong Paint & Varnish Works v. Nu-Enamel Corporation, 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195; Geneva Furniture Mfg. Company v. S. Karpen &

Bros., 238 U.S. 254, 35 S.Ct. 788, 59 L.Ed. 1295.

The fallacy in the contention of counsel for plaintiff is that the two distinct causes of action sued on in this action are not stated in support of a single cause of action, but in Count 1, he seeks to recover treble the sum of $153,850 for damages carefully itemized in the complaint and in Count 2, the sum of $100,000 damages to his business, and monies expended and none of his items of damage in Count 2 are included in the itemization of damages in Count 1.

 It is therefore the opinion of the Court that there is a misjoinder of causes of action, and that the defendants' motion to dismiss Count 1 of the complaint should be sustained, because the facts stated, fairly considered, are not sufficient to constitute a cause of action or authorize any of the relief sought in the petition and that the Court lacks jurisdiction, because of the absence of diversity of citizenship between plaintiff and the defendant Koster-Swope Motors, Inc., as to Count 2, and that accordingly plaintiff's complaint should be dismissed.

An order providing for such dismissal will be tendered by counsel for defendant, on notice.

---

[1] 1948 Judicial Code, 28 U.S.C.A. § 1338.

[2] 1948 Judicial Code, 28 U.S.C.A. §§ 1331, 1332.