**NORTHERN CALIFORNIA MONU-
MENT DEALERS ASS'N**

v.

**INTERMENT ASS'N OF CALI-
FORNIA et al.**

No. 32982.

United States District Court
D. California, S. D.

March 18, 1954.

94

Ferrari & Ferrari, San Francisco, Cal., and Morris Oppenheim, San Francisco, Cal., for plaintiff.

Pillsbury, Madison & Sutro, San Francisco, Cal., for IAC.

Andrew F. Burke, San Francisco, Cal., for Roman Cath. Arch.

Duff & Ferdon, San Francisco, Cal., for Frances Donahue.

Brobeck, Phleger & Harrison, San Francisco, Cal., for Cypress Lawn.

Graham & Morse, San Francisco, Cal., for Olivet Memorial Park.

Eugene H. O'Donnell, San Francisco, Cal., for E. J. Mullaney.

Robert T. Allen, Berkeley, Cal., for Golden Gate Memorials.

ROCHE, Chief Judge.

This suit for treble damages involves the retail sale of gravestones in San Francisco and Colma, and arises under provisions of law contained in U.S.C.A., Title 15, more particularly Section 1 of the Sherman Act, and Section 2 of the Clayton Act, as amended.

The defendants have moved to dismiss the complaint for the following reasons:

(1) Failure to allege any injury to plaintiff.

(2) Failure to allege facts showing the involvement of interstate commerce or any effect thereon.

(3) Failure to allege facts showing either restraint of trade or injury to the public.

(1) *Injury to plaintiff.*

Plaintiff is a trade association. The complaint fails to allege that plaintiff has ever been engaged in business itself, or that plaintiff has ever sustained damages at the hands of any defendant.

As a trade association whose members have allegedly been damaged by violations of the antitrust laws, plaintiff does not itself have any right to relief or cause of action, since the association is not the "real party in interest." Farmers Co-op Oil Co. v. Socony-Vacuum Oil Co., 8 Cir., 1942, 133 F.2d 101; Alabama Independent Service Station Ass'n v. Shell Petroleum Corp., D.C.1939, 28 F.Supp. 386.

The complaint attempts to assert a claim in plaintiff as assignee of some of its members who are supposed to have been injured, however, these members are not identified. In addition, there are no allegations as to the amount of damages suffered by any assignor, nor allegations from which the fact of damages to any particular assignor can be ascertained. Stated as a basic principle, an assignee merely steps into the shoes of his assignor. His complaint must allege facts showing that the assignor would be entitled to relief. Louisiana Farmers' Protective Union v. Great At-

lantic & Pacific Tea Co. of America, D.C. 1942, 40 F.Supp. 897; also 8 Cir., 131 F.2d 419.

A plaintiff seeking recovery under the Sherman Act must plead the specific commission of an overt act which caused damage to him in a clearly demonstrable way. Facts must be alleged from which damages are logically and legally inferable. Clark Oil Co. v. Philips Petroleum Co., 8 Cir., 1945, 148 F.2d 580, certiorari denied 326 U.S. 734, 66 S.Ct. 42, 90 L.Ed. 437; Leonard v. Socony-Vacuum Oil Co., D.C.1942, 42 F.Supp. 369.

(2) *Interstate commerce.*

Plaintiff has failed to allege facts in its complaint which would show that the acts complained of involve interstate commerce, or have such effect thereon as to constitute a violation of the Sherman or Clayton Act. Interference with the commerce must be direct and substantial and not merely incidental and remote. Spears Free Clinic and Hospital v. Cleere, 10 Cir., 1952, 197 F.2d 125; Apex Hosiery Co. v. Leader, 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311.

The Sherman Act applies only to restraints of interstate commerce and to those local restraints which have a substantial and adverse effect upon interstate commerce. U. S. v. Starlite Drive-In, 7 Cir., 1953, 204 F.2d 419; Sears Roebuck & Co. v. Blade, D.C.1953, 110 F.Supp. 96.

The Clayton Act applies only if (a) defendant is engaged in commerce and (b) defendant commits the prohibited acts in the course of such commerce. 15 U.S.C.A. § 13.

The subject of interstate commerce must first be examined from the standpoint of plaintiff's members. The complaint contains no allegations that these members supplied with granite from out of the state include any of plaintiff's assignors, or that interstate commerce has not ceased before the retail trade in monuments begins.

Further, the regulations concerning the erection of monuments referred to by plaintiff in the complaint are permitted by Sections 8303–8308 of the California Health & Safety Code. No facts are alleged showing that these regulations interfere with interstate commerce or that they are unreasonable within the meaning of the antitrust laws.

Secondly, the subject of interstate commerce must be examined from the viewpoint of injury to the public. It is essential in this respect that the pleadings allege facts from which it can be determined as a matter of law that the alleged conspiracy contemplated or tended to restrain interstate commerce with harmful effect to the public interest. Ruddy Brook Clothes v. British & Foreign Marine Ins., 7 Cir., 195 F.2d 86; Riedley v. Hudson Motor Car Co., D.C., 82 F.Supp. 8. This the complaint fails to do.

(3) *Restraint of trade; injury to the public.*

The complaint fails to allege facts showing restraint of trade or injury to the public. It is not every restraint or effect on, or even interference with interstate commerce that comes within the Sherman Act, but only certain kinds of effects on the market, i. e. restraints having an effect upon competition which as a result deprive purchasers of the advantages of a free, competitive market. Apex Hosiery Co. v. Leader, supra; Shotkin v. General Electric Co., 10 Cir., 171 F.2d 236. Therefore, a private litigant must show more than the fact that he has been injured, he must show injury to the public interest. National Used Car Market Report v. National Auto Dealer Ass'n, D.C., 108 F.Supp. 692.

The Sherman Act does not protect businessmen from the effects of competition. Balian Ice Cream Co. v. Arden Farms Co., D.C.1952, 104 F.Supp. 796.

In view of the foregoing it is ordered that the motion to dismiss and the same

is sustained with leave to the plaintiff to file an amended complaint within thirty days of the date of this order, and if he fails to so do, the action shall stand dismissed with prejudice as of that day.