Odell BERRY et al., d/b/a Odell Excavating Company, Appellants,

v.

John B. WALTON et al., Appellees.

Court of Appeals of Kentucky.

March 22, 1963.

Joseph C. Healy, Howell W. Vincent, Covington, for appellants.

Sawyer A. Smith, Covington, for appellees.

PALMORE, Judge.

The dispositive question raised by this litigation is whether a mineral lease that does not specify a term and does not place on the lessee any express obligation except to account for and pay a royalty on whatever quantity of material he may remove is terminable at the will of the lessor.

We need not determine whether the lack of a definite or definable term was fatal to the contract. Even with a specific term, if a party has given no consideration for a contract under which he is free to perform or not, as he sees fit, it lacks mutuality and, to the extent that it remains unexecuted, is terminable at the will of the other party. Daniel Boone Coal Co. v. Miller, 1920, 186 Ky. 561, 217 S.W. 666; Soaper v. King, 1915, 167 Ky. 121, 180 S.W. 46.

The language of the Daniel Boone Coal Co. opinion indicates that the lack of mutuality in that case rested on an

express right of termination reserved in favor of the lessee, and as the appellants in this case have correctly pointed out, a right in one party to terminate an agreement at will, without a corresponding right in the other, does not necessarily deprive the contract of mutuality and thus render it unenforceable. Cf. David Roth's Sons, Inc., v. Wright and Taylor, Inc., Ky.1961, 343 S.W. 2d 389. But if the agreement is wholly executory and one of the parties is not obligated even to commence the performance of it, there is a lack of mutuality. On this basis the result in the Daniel Boone Co. case was sound. It is not the right of termination (which, if the lessee is not obliged to perform, is of no significance anyway), but the right of non-performance, that makes the agreement unenforceable.

The judgment is affirmed.