UNITED STATES of America,
Plaintiff,

v.

P. & D. COAL MINING CO., Inc.,
Defendant.

Civ. A. No. 4521.

United States District Court
W. D. Kentucky,
at Louisville.

Sept. 11, 1964.

William E. Scent, U. S. Atty., Louisville, Ky., for plaintiff.

Fielden Woodward, Louisville, Ky., for defendant.

BROOKS, Chief Judge.

This case involves a claim by the United States against the P. & D. Mining Co. (hereinafter "P & D") in the amount of $19,873.45 for damages allegedly arising out of defendant's breach of contract. Defendant has counterclaimed for $2,204.-53 plus interest for amounts admittedly owed it on unpaid invoices. The only issue insofar as the counterclaim is concerned is whether or not the United States can properly be held liable for interest. Jurisdiction rests on the provisions of Title 28 U.S.C. Sec. 1345.

The relevant facts of this case are as follows: On July 12, 1955, P & D entered into a contract with the National Lead Company (hereinafter "National") whereby P & D agreed to sell, and National agreed to buy, at a fixed price, an amount of coal of not less than 10,000 tons nor more than 50,000 tons. On December 23, 1955, after failing to get National to agree to a price increase, P & D's president, Mr. Norman Downard, wrote National a letter saying that

his company would not deliver any coal in excess of 10,000 tons, and denying that National had any right under the contract to order additional coal from other sources and charge P & D with the difference in price. Six days later, and again on March 1, 1956, W. A. Smith, Jr., Procurement Director for National, informed P & D that his company would obtain its coal requirements from other sources and would hold P & D liable for any excess costs incurred by it in so doing up to the 50,000 tons specified in the contract. Those costs having amounted to $19,873.45, the United States, as National's assignee of the contract's rights and obligations, instituted this suit.

■ Having considered the evidence, it is concluded that Article I(A) of the contract gave to the defendant a right to terminate that contract at any time up to sixty days prior to its expiration. The provision states:

"The term of this agreement shall be for the period from July 1, 1955, to and including June 30, 1956, provided, however * * * that the Seller may terminate this agreement by written notice to the Company not less than sixty (60) days prior to the expiration of the agreement term or any renewal thereof."

Such termination right having been properly exercised by defendant's letter of December 23, 1955, earlier referred to in this opinion, Kentucky Block Cannel Coal Co. v. Milroy Milling Co., 208 Ky. 676, 271 S.W. 1070 (1925), defendant was thereby released from any and all executory obligations arising out of the contract between itself and National. Ford Motor Co. v. Alexander Motor Co., 223 Ky. 16, 2 S.W.2d 1031 (1928); KRS 355.2–106. Consequently, plaintiff's claim for damages arising out of defendant's refusal to supply coal in excess of 10,000 tons is denied.

■■ Insofar as defendant's counterclaim is concerned, the question to be decided is whether or not the United States, as assignee of the debt owed defendant by National, can be held liable on interest accruing on such debt. Normally the United States cannot be held liable for interest unless there is either express consent therefor in a statute or in the contract between the parties. But that rule is not applicable where, as here, the United States first seeks enforcement of a claim against a private party and that party then counterclaims against it. There, interest may be awarded on the counterclaim. United States v. The Thekla, 266 U.S. 328, 45 S.Ct. 112, 69 L.Ed. 313 (1924); 96 A.L.R. 30; 54 Am.Jur. 612.

■ Moreover, the Government here has assumed the debt of a private party. Had that debt not been assigned to the Government there would be no question about defendant's right to interest thereon. It cannot be held that the rights and obligations of parties to a contract are altered by National's mere assignment of those rights and obligations. In accepting the debt which National owed defendant the United States placed itself in the position of a private party. And in placing itself in the position of a private party it surrendered its immunity from paying interest on amounts owed by it. 54 Am.Jur. 611; 91 C.J.S. United States § 154, p. 353.

Judgment in conformance with this memorandum is this day entered.